**REDACTED**

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

19 SEP -9 PM 2: 50

U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | INFORMATION | |
| | ) | | |
| v. | ) | Cause No. | 1:19-CR-74 |
| | ) | Violations: | 18 U.S.C. § 1343 |
| | ) | | 26 U.S.C. § 7206(1) |
| FREDRICK D. McCRACKEN | ) | | |

**THE UNITED STATES ATTORNEY CHARGES:**

<u>COUNT 1</u>

BACKGROUND

1. During all times relevant to this Information:

   a. FREDRICK D. McCRACKEN (hereinafter "McCRACKEN") resided in Converse, Miami County, Indiana.

   b. McCRACKEN owned and operated a small, domestic, limited liability company from said residence in Miami County, Indiana (hereinafter "Company A") which conducted accounting and tax preparation services for persons and businesses located in the Northern District of Indiana and elsewhere.

   c. McCRACKEN was also employed by an industrial construction company (hereinafter "Company B") whose business is located in Marion,

1

Grant County, Indiana in the Northern District of Indiana to perform accounting and payroll duties for Company B.

d. McCRACKEN had access to all of Company B's accounts, books and records in order to perform his duties related to payroll, accounts receivable, disbursement of checks and reconciliation of accounts for Company B.

e. McCRACKEN, as the accountant for Company B, had access to Company B's bank accounts at Star Financial Bank, Marion, Indiana.

f. McCRACKEN, as the accountant for Company B, had authority to write checks to pay the business obligations of Company B, which checks were drawn on Company B's account at Star Financial Bank. The data servers for Star Financial Bank are located in Fort Wayne, Indiana.

SCHEME TO DEFRAUD

2. From on or about October 2012, and continuing until on or about July 30, 2018, in the Northern District of Indiana and elsewhere McCRACKEN knowingly devised and intended to devise a scheme to defraud Company B, and to obtain money and property by means of materially false and fraudulent pretenses and representations from Company B in the approximate amount of $2,440,490.46 for his personal benefit.

MANNER AND MEANS USED TO ACCOMPLISH THE SCHEME

3.  It was part of the scheme that between October 1, 2012 and July 30, 2018, McCRACKEN fraudulently wrote and signed 110 checks payable to Company A and drawn on Company B's accounts at Star Financial Bank. The fraudulent checks totaled $1,604,153.65. Company B did not authorize the fraudulent checks which McCRACKEN wrote to Company A. Company B did not authorize *any* checks made payable to Company A. All authorized checks from Company B, including McCRACKEN's regular payroll checks, bonuses and other legitimate business or employment related payments were made by checks made payable to McCRACKEN, not Company A. Each of the fraudulent checks written by McCRACKEN and drawn on Company B's account at Star Financial Bank was deposited by McCRACKEN into Company A's account at Via Credit Union, Marion, Grant County, Indiana.

4.  It was part of the scheme that between March 4, 2016 and July 27, 2018, McCRACKEN fraudulently made online payments from Company B's bank account to his personal credit card accounts, to include payments totaling $639,359.40 to credit cards issued by American Express (accounts ending in #1005, #2003, #3001, #4009, #5006, #6004, and #7002); and payments totaling $196,977.41 to credit cards issued by Chase (accounts ending in #1838, #3004, #2033, #1695, #8022, #7990, #3440, and #4917) for which he was personally responsible for payment. Company B did not authorize McCRACKEN to use

money from its bank accounts to pay for his personal expenses or to make payments to his personal credit cards. In total, McCRACKEN made fraudulent payments from Company B's bank account to pay his own personal credit card expenses in the amount of $836,336.81.

    a.    The online payments to credit cards issued by American Express were processed and cleared utilizing interstate wire communications to and from American Express's data servers located in Greensboro, North Carolina.

    b.    The online payments to credit cards issued by Chase were processed and cleared utilizing interstate wire communications to and from Chase's data servers located in Wilmington, Delaware.

5.    It was part of the scheme that to conceal his unauthorized activities, McCRACKEN kept inaccurate accounting records at Company B. After McCracken wrote a check to Company A or authorized a payment to his personal credit card with Company B monies, McCRACKEN changed the payment record within Company B's accounting records system to appear as a payment made to a business or organization with which Company B conducted legitimate business. McCRACKEN was solely responsible for Company B's accounting reconciliation with no oversight.

WIRE FRAUD

On or about December 27, 2017, for purposes of executing the above-described scheme and artifice to defraud, FREDRICK D. McCRACKEN caused to be transmitted by means of wire communication in interstate commerce signals and sounds, to wit: authorization for a debit from Company B's bank account at Star Financial Bank as an online payment to his personal American Express credit card account in the amount of $23,655.45;

All in violation of 18 U.S.C. § 1343.

**THE UNITED STATES ATTORNEY FURTHER CHARGES:**

## COUNT 2

On or about February 8, 2018, in the Northern District of Indiana,

FREDRICK D. McCRACKEN,

defendant herein, did willfully make and subscribe a U.S. Individual Tax Return, Form 1040, for the calendar year 2017, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said U.S. Individual Income Tax Return McCRACKEN did not believe to be true and correct as to every material matter, in that the said U.S. Individual Income Tax Return Form 1040 reported no "Other Income" on line 21, whereas he then and there well knew and believed he had an Other Income of at least $451,260.00 that was not reported on said return;

All in violation of 26 U.S.C. § 7206(1).

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C ).

2. Upon conviction of the offense in violation of 18 U.S.C. § 1343 set forth in this Information, the defendant, FREDRICK D. McCRACKEN, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

The property to be forfeited includes, but is not limited to:

A sum of money equal to $2,440,490.46, in United States Currency, representing the amount of proceeds obtained as a result of the offense in this Information.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the existence of due diligence;
    b. has been transferred or sold to, or deposited with a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. § 2461(c).

                                          Respectfully Submitted,

                                          THOMAS L. KIRSCH II
                                          UNITED STATES ATTORNEY

By:    */s/ Sarah E. Nokes*
        Sarah E. Nokes
        Assistant United States Attorney
        E. Ross Adair Federal Bldg.
        & U.S. Courthouse
        1300 S. Harrison Street, Room 3128
        Fort Wayne, IN 46802
        Telephone: (260) 422-2595
        Facsimile: (260) 426-1616
        Email: sarah.nokes@usdoj.gov