UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-CR-74-HAB |
| | ) | |
| FREDRICK McCRACKEN | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Immediate Release, filed on February 1, 2021. (ECF No. 38) (the "Motion"). The Motion was referred to the Federal Community Defender to consider representing Defendant in his request for compassionate release. On February 4, 2021, the FCD declined Defendant's representation. (ECF No. 40). The Government has filed its Response (ECF No. 41) and Defendant has submitted his Reply (ECF No. 45). The Motion is now ripe for determination.

**A.      The Offense Conduct**

Over the course of nearly six years, Defendant embezzled nearly $2.5 million from his employer through fraudulent checks and credit card purchases. He also failed to report his embezzled income on his tax return, resulting in a tax delinquency of more than $600,000. As a result of this conduct, Defendant was charged with, and pled guilty to, one count each of wire fraud and tax fraud.

Defendant was sentenced on January 27, 2020, to a term of forty-six months' imprisonment with two years' supervised release to follow. He is currently held at FCI Gilmer in West Virginia with an anticipated release date of June 9, 2023.

B.   **Legal Analysis**

Defendant's motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

(i) extraordinary and compelling reasons warrant such a reduction …

… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, the Defendant must first demonstrate that he meets the statutory exhaustion. The parties agree that Defendant has done so, allowing the Court to proceed to the merits of the motion.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not been amended to reflect the First Step Act's change

2

to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly before the court. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Accordingly, "§ 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v. Hoskins*, No. 2:99 CR 117, 2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938 F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn,* 980 F.3d at 1181.

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes.[1] Second, the Court determines whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19

---

[1] However, as *Gunn* made clear, the policy statement's requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to be consistent with "applicable policy statements." And, the Sentencing Commission has not yet issued a policy statement "applicable" to the Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180. !

pandemic. *See United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).

Defendant lists several medical conditions supporting his claim for compassionate release but, as the Government notes, only one is recognized by the CDC as increasing his likelihood of serious complications from COVID: hypertension. *See* CDC, People Who Are at Increased Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html. Even then, the condition is one that *might* put him at an increased risk of severe illness, rather than a condition that will put him at an increased risk. Regardless of the potential impact of Defendant's hypertension, his medical records demonstrate that the condition is under control with medication. Defendant's medical history, then, gives very few reasons, let alone extraordinary of compelling ones, to justify granting his motion.

Defendant also argues that his age, 63, supports his release. It is true that Defendant's age places him at a statistically higher risk of hospitalization and death than those in younger age groups, but it is also true that his risk is lower than those in more advanced age groups. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html. According to the CDC, the "greatest risk for severe illness from COVID-19 is among those aged

4

85 or older." *Id*. The Court does not believe that Defendant's age is so compelling a reason for release as to overcome his lack of other risk factors.

That said, the thrust of Defendant's request is the conditions of confinement that he faces at FCI Gilmer. Defendant notes that his work assignment puts him in contact with at-risk individuals, the warehouse-style living conditions make social distancing impossible, the inadequate washing facilities, and other concerns. As Defendant puts it, his confinement creates "the ideal environment for the transmission of a contagious disease." (ECF No. 38 at 7).

The statistics do not support Defendant's argument. As of the date of this Opinion and Order, FCI Gilmer reported zero positive cases. https://www.bop.gov/coronavirus/. Even if FCI Gilmer had reported cases, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See Melgarejo*, 2020 WL 2395982, at *3. Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.* at 5–6. *See also United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

The Bureau of Prisons continues to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp; *see also*, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. The fact that Defendant has made it through

5

nearly a full year of a pandemic uninfected, and has been administered the first dose of a vaccine, are testaments to the BOP's efforts.

Finally, the Court finds no basis under § 3553(a) to reduce Defendant's sentence. All the factors he cites, including his age, his low risk of recidivism, the limited danger he poses to the public, and others were taken into to consideration in sentencing him to the below-Guidelines sentence he received. The Court sees no reason why Defendant's sentence should be reduced further on the same grounds. Defendant's sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. The Court finds that the significant sentence reduction that Defendant seeks would greatly undermine the above statutory purposes of sentencing.

In sum, because this Court does not find extraordinary and compelling circumstances exist for Defendant's release and finds that a reduction of sentence is inconsistent with the § 3553(a) factors, Defendant does not meet the criteria for compassionate release and his motion (ECF No. 38) is DENIED.

SO ORDERED on March 23, 2021.

       s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT